20-3758-cv
*Johnson v. Pacheco*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of January, two thousand twenty-two.

PRESENT:    DENNIS JACOBS,
            REENA RAGGI,
            WILLIAM J. NARDINI,
                    *Circuit Judges*.

_____

STEPHANIE JOHNSON,

    *Plaintiff-Appellant*,

    v.

JONATHON PACHECO, ROBERTO
GUTIERREZ, RICHARD PODLOVITS,

    *Defendants-Appellees*,

CITY OF NEW YORK, JOHN AND JANE
DOE 1 THROUGH 10, INDIVIDUALLY,
(the names John and Jane Doe being fictitious,
as the true names are presently unknown),

    *Defendants*.*                                          No. 20-3758-cv

_____

* We direct the Clerk of Court to amend the caption as set forth above.

For Plaintiff-Appellant:
LISSA GREEN-STARK (Brett H. Klein, *on the brief*), Brett H. Klein, Esq., PLLC, New York, NY.

For Defendants-Appellees:
ANTONELLA KARLIN (Ingrid R. Gustafson, *on the brief*), *for* James E. Johnson, Corporation Counsel of the City of New York, New York, NY.

On appeal from the United States District Court for the Southern District of New York (Loretta A. Preska, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Stephanie Johnson appeals from the judgment of the district court, entered on September 30, 2020, in favor of Defendants-Appellees Jonathon Pacheco, Roberto Gutierrez, and Richard Podlovits (together, "Defendants"). We assume the reader's familiarity with the record.

The case before us concerns challenges to evidentiary rulings made by the district court at a jury trial on Johnson's excessive force claim against Defendants. Johnson's claim arises from an incident that took place at her apartment on February 5, 2016. At the time, Johnson lived at a facility for disabled veterans and suffered from alcohol use disorder, alcohol-induced depressive disorder, post-traumatic stress disorder, ataxia (a progressive neurological disorder affecting coordination and balance), and arthritis in her left knee. The morning of the incident, the facility's resident psychiatrist conducted a suicide assessment, determined that Johnson posed an acute risk of harm to herself, and 911 was called. Several officers responded to the call and entered the apartment. The parties dispute whether Johnson was tackled to the floor by Defendants (as alleged by Johnson), or whether Johnson fell to the ground on her own (as alleged by Defendants). In any event, Johnson sustained injuries, including a laceration above her right eyebrow, which was repaired with two stiches.

Johnson sued Defendants seeking damages under 42 U.S.C. § 1983 for alleged violations of her civil rights based on various theories, including excessive force. The district court held a four-day jury trial in January 2020 on Johnson's excessive force claim. The jury returned a verdict in favor of Defendants. Johnson now appeals, arguing that the district court abused its discretion in various evidentiary rulings.

We review a trial court's evidentiary decisions for abuse of discretion. *Torcivia v. Suffolk Cnty, N.Y.*, 17 F.4th 342, 365 (2d Cir. 2021). "The standard is demanding: to find such an abuse we must be persuaded that the trial judge ruled in an arbitrary and irrational fashion." *Id.* (internal quotation marks omitted). "Even if we find that evidentiary rulings were manifestly erroneous, we will not grant a new trial if we find that the improperly admitted evidence was harmless—i.e.,

that the evidence was unimportant in relation to everything else the jury considered on the issue in question." *Cameron v. City of New York*, 598 F.3d 50, 61 (2d Cir. 2010) (internal quotation marks omitted). "An error is harmless if we can conclude with fair assurance that the evidence did not substantially influence the jury." *Id.* (internal quotation marks omitted).

First, Johnson argues the district court improperly excluded statements from her medical records following the February 5 incident under Federal Rule of Evidence 803(4). We disagree. Rule 803(4) provides a hearsay exception if a statement "is made for—and is reasonably pertinent to—medical diagnosis or treatment." Fed. R. Evid. 803(4)(A). "Statements as to fault [do] not ordinarily qualify." *Id.* advisory committee's note to 1972 amendment. "Thus a patient's statement that he was struck by an automobile would qualify but not his statement that the car was driven through a red light." *Id.* Here, all of the February 5 statements that Johnson sought to introduce chiefly speak to fault: they cast the incident as one of assault and identify the purported assailant—the NYPD. The district court therefore did not abuse its discretion in granting Defendants' motion *in limine* to exclude these statements. Nor did it err in excluding statements made on February 6 and February 11, as these statements were not reasonably pertinent to treating Johnson for a headache or to removing her stitches.

Second, Johnson challenges the district court's exclusion of testimony by non-party officers under Federal Rule of Evidence 403 on the grounds that it would be a waste of time. All evidence, including testimony at trial, "is subject to the general balancing rule of Rule 403, which provides that 'evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . or by considerations of . . . waste of time . . . .'" *Cameron*, 598 F.3d at 62 (quoting Fed. R. Evid. 403). The deposition testimony of the non-party officers shows that no officer behind Defendants could see what was happening in front of Defendants once they entered the apartment—that is, they could not speak to the determinative factual issue at trial of how Johnson ended up the ground. Accordingly, the district court acted well within its discretion to exclude their testimony.

Third, Johnson challenges the district court's permitting Defendants to impeach Johnson using extrinsic evidence of a prior statement—a medical record from Johnson's three-month inpatient stay at a physical therapy and rehab center in 2018. We find no abuse of discretion. "A witness's prior statement may be offered to impeach that witness's credibility if (1) the statement is inconsistent with the witness's trial testimony, (2) the witness is afforded an opportunity to deny or explain the same, and (3) the opposing party is afforded the opportunity to cross-examine the witness thereon." *United States v. Strother*, 49 F.3d 869, 874 (2d Cir. 1995); Fed. R. Evid. 613(b). Here, Johnson's prior statements in the medical record that her balance was worse in 2018 were inconsistent with her testimony at trial that as of the incident in 2016, her balance and coordination were improving, especially given the testimony that ataxia is a progressive disorder. And Johnson's credibility on the improvement of her ataxia went directly to the factual issue before the district court: whether Johnson fell or whether she was tackled by Defendants. Although Johnson contends that the 2018 medical record was too remote in time from the 2016 incident to be relevant,

a time-gap of only two years is not too remote to be relevant.  *See United States v. Sasso*, 59 F.3d 341, 347–48 (2d Cir. 1995) (citing *Chnapkova v. Koh*, 985 F.2d 79, 81–82 (2d Cir. 1993) (five years removed not too remote); *United States v. Bari*, 750 F.2d 1169, 1179 (2d Cir. 1984) (more than 10 years too remote); *United States v. Glover*, 588 F.2d 876, 878 (2d Cir. 1978) (12 years too remote)).  The district court therefore acted within its discretion in admitting the evidence.

Finally, Johnson argues that the district court erred in reading to the jury New York Vehicle and Traffic Law § 1192(2), which establishes the blood-alcohol level for driving while intoxicated. But we conclude that any arguable error was harmless.  Johnson testified that she had already consumed half a pint of vodka the morning of the incident, and that she suffered from alcoholism. Further, through the direct examination of her doctor, Johnson herself elicited that "blood alcohol level [is] something that relates in New York to determining whether someone is too intoxicated to drive."  Joint App'x at 308.  In light of this uncontested evidence, the additional contextualization of Johnson's blood-alcohol level cannot be said to have had a substantial influence on the verdict.

\*　　　\*　　　\*

We have considered Johnson's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

4